# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

March 2, 2012

**Via ECF, Email, and By Hand**
The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>United States v. Kerrol Florizel Bailey, 11 CR 789</u>

Your Honor:

    Mr. Bailey pleaded guilty before Your Honor on January 13, 2012, to the sole count of the Indictment, charging him with Passport Fraud in violation of 18 U.S.C. §1542.

    The Probation Department has determined that Mr. Bailey's total offense level is 10, providing for a guideline range of imprisonment of 8 to 14 months in Criminal History Category II. (PSR ¶40.) Mr. Bailey has been incarcerated since his arrest on October 21, 2011.

    We ask the Court to consider the factors in 18 U.S.C. § 3553 to arrive at a fair and reasonable sentence, and impose a sentence below that recommended by the guidelines. Section 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy specific sentencing goals, including just punishment, deterrence of future criminal conduct, correctional treatment, and the prevention of unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(2). Section 3553(a) further directs courts to consider the applicable Sentencing Guidelines, "the nature and circumstances of the offense," and "the history and characteristics" of the defendant. See 18 U.S.C. § 3553(a)(1), (3)-(4). "[N]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Mr. Bailey is a 38 year-old father of two small children ages 4 and 1.[1] Mr. Bailey received his high school education in his native country of Jamaica, where he also completed vocational course work to prepare him for a career as an electrician. It was difficult for Mr. Bailey to find employment and support himself in Jamaica. He grew frustrated with the lack of employment opportunities there, but did not want to continue to rely on his father's financial support.

Thus, in 1996 Mr. Bailey came to the United States in the hope of finding better job prospects and a brighter economic future. He initially settled in Florida where he worked in construction as a day laborer. As Mr. Bailey was not lawfully permitted to work in the United States, his employment options were limited; nonetheless, he found that he was able to support himself as a day laborer.

In 2007, Mr. Bailey married Pauline Palmer, and shortly thereafter, Ms. Palmer gave birth to the couple's son. With the joy of fatherhood, unfortunately, came added financial stress, intensified by the country's economic downturn. The construction industry in Florida was particularly hard hit, and Mr. Bailey found it increasingly difficult to find work. He decided to look for work in New York.

The couple was separated for months at a time while Mr. Bailey worked in New York and Ms. Palmer remained in Florida where she worked as a teacher. The months of separation and financial difficulties proved to be a tremendous strain on their marriage, and they Mr. Bailey reported that they intend to divorce.

While working in New York, Mr. Bailey began a romantic relationship with his current partner, Ms. Alana Sullivan. Ms. Sullivan works as a technician in a psychiatric hospital. The couple have a young child together.

For many years Mr. Bailey led a quiet, hardworking life in the United States. Though perhaps unremarkable, it was a rich and fulfilling life for Mr. Bailey. However, whatever life Mr. Bailey carved out for himself in the United States, has now been permanently lost. In 2010, after more than a decade in the United States without any criminal convictions, Mr. Bailey made a series of disastrous choices.

In October if 2010, Mr. Bailey was arrested in Maryland and charged with possession with intent to distribute a controlled substance. Although he knows it is no excuse, Mr. Bailey has explained that at the time he committed the offense, his youngest

---

[1] The information provided herein is based on conversations with Mr. Bailey, his family and the Presentence Investigation interview and Report.

child was only a few months old, and Mr. Bailey was still struggling to find work and to make ends meet. Mr. Bailey was offered approximately $500.00 to take drugs from New York City to Baltimore. Though this might seem like a small amount of money, it was a significant sum for Mr. Bailey at that time. Mr. Bailey acknowledges that whatever his financial hardships, they do not justify or excuse the actions he took, and that in focusing only on his financial hardships he was ignoring the devastation illegal drugs have had on communities throughout the United States. Mr. Bailey has accepted responsibility for this crime, and he received a sentence of 2 years imprisonment for it, his first and only conviction other than the instant offense. But the greater consequence of the conviction is that it will undoubtedly prevent him from ever lawfully residing in the United States and impair his ability to be present in his children's lives.

The instant offense involves conduct which occurred just one month before the conduct underlying Mr. Bailey's Maryland arrest. Mr. Bailey had two motivations for attempting to obtain a United States passport. The first, as noted above, was that it had become increasingly difficult to support himself as a day laborer, and he believed he would be able to find more lucrative, steady employment with a United States passport. The second motivation was that Mr. Bailey desired to travel home to visit his family in Jamaica, but feared that he would be unable to return to the United States if he did went back there.

Mr. Bailey has accepted responsibility for his crime. He is aware that his motivations for committing this crime in no way absolve him of guilt, or responsibility. He understands that regardless of his motivations, he committed a very serious crime, a crime that can undermine the safety and security of the United States. However, we respectfully submit that Mr. Bailey and his family have suffered a very serious consequence for his actions. In reflecting on his actions, Mr. Bailey remarked that "in an instant I lost my family and my freedom." While the children's mothers are gainfully employed and should be able to financially support them, the children will lose the emotional support of having a father present in their lives. For the foregoing reasons, a sentence below the recommended guideline range will be sufficient but not "greater than necessary" to achieve all sentencing goals.

Sincerely,

\S\

Michelle Gelernt
Staff Attorney
(718) 330-1204

cc: AUSA Tiana A. Demas
    USPO Jaime L. Turton
    Mr. Kerrol Bailey